UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>Felix Herrera Garcia,<br>Grei Mendez,<br>Renny Antonio Parra Paredes, a/k/a "El Gallo," and<br>Carlisto Acevedo Brito,<br><br>*Defendants.* | **Protective Order**<br><br>**23 Cr. 504 (JSR)** |

Upon the application of the United States of America, with the consent of the undersigned counsel, the Court hereby finds and orders as follows:

## Categories

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material." The Government's Disclosure Material may include material that (i) affects the privacy, confidentiality and business interests of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; (iv) may be produced with more limited redactions than would otherwise be necessary; and (v) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

08.02.2023

2. **Sealed Material.** Certain of the Government's Disclosure Material, referred to herein as "Sealed Material," contains information that identifies, or could lead to the identification of, witnesses. The government asserts that these witnesses may be subject to intimidation or obstruction, and that their lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein.

3. **Attorney's Possession Only ("APO") Material.** The Government's Disclosure Material may contain autopsy records; medical records; photos or videos of the victims; information derived from confidential sources, cooperating witnesses, confidential sources of information, or undercover law enforcement operations; recordings of post-arrest interviews of the defendants; and materials related to ongoing investigations that raise a particular risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations. Such Disclosure Material that is produced by the Government to the defendants or their counsel and that is either (1) designated in whole or in part as "Attorney's Possession Only" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Possession Only" or "APO" shall be deemed "APO Material." Any material designated as APO Material shall also be deemed Sealed Material.

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

### Disclosure and Treatment

4. Disclosure Material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action and the state criminal proceeding pending against the defendants. Neither party shall post any Disclosure Material on any Internet site or network site, including any social media site such as Facebook or Twitter, to which persons

other than the parties hereto have access, and shall not disclose any Disclosure Material to the media.

5. Sealed Material pertinent to any motion before the Court should initially be filed under seal, absent the agreement of the parties or an Order of the Court, and may be disclosed by defense counsel to:

    a. The defendants;

    b. Defense counsel in the state criminal proceeding against the defendants;

    c. Personnel for whose conduct defense counsel in either case is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action and the state criminal proceeding; and

    d. Prospective witnesses for purposes of defending this action and the state criminal proceeding.

6. APO Material received by defense counsel shall be maintained in a safe and secure manner by defense counsel and any personnel for whose conduct defense counsel is responsible; shall not be possessed by the defendants, except in the presence of defense counsel and any personnel for whose conduct defense counsel is responsible; and shall not be disclosed in any form by the defendants, defense counsel, or any personnel for whose conduct defense counsel is responsible except as set forth herein.

### Other Provisions

7. This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action or in the state criminal proceeding against the defendants, or to any judge or magistrate judge, for purposes of the criminal actions but, except to the extent provided otherwise below, shall not be disclosed or used in any form in any other civil litigation, arbitration,

or other private or alternative dispute resolution. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and the above provisions.

8. The Government's designation of material will be controlling absent contrary order of the Court. The parties shall meet and confer regarding any dispute over such designations, after which the defense may seek de-designation by the Court. The Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

9. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

10. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, including any ESI, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; and the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct. If Disclosure Material is provided to any personnel for whose conduct defense counsel is responsible or prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials.

11. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has received, on a consent basis or pursuant

to warrants issued during the course of the investigation, from various computers, cellphones, and other devices and storage media. This ESI was obtained from: Felix Herrera Garcia, Grei Mendez, Renny Antonio Parra Paredes, and Carlisto Acevedo Brito. Upon consent of all counsel, the Government is authorized to disclose to defense counsel the entirety of such ESI, which shall be deemed APO Material unless otherwise designated.

### Retention of Jurisdiction

12. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____   Date: October 26, 2023
Brandon C. Thompson
Margaret Lynaugh
Assistant United States Attorneys

_____   Date: 10/27/2023
James E. Neuman, Esq.
Counsel for Felix Herrera Garcia

_____   Date: 10/27/2023
Clay H. Kaminsky, Esq.
Jennifer L. Brown, Esq.
Counsel for Grei Mendez

_____   Date: 10/27/23
John F. Kaley, Esq.
Counsel for Renny Antonio Parra Paredes

_____  
Carlos M Santiago, Esq.  
Mark S. DeMarco, Esq.  
Counsel for Carlisto Acevedo Brito

Date: 10/27/2023

SO ORDERED:

Dated: New York, New York  
       October 30, 2023

_____  
THE HONORABLE JED S. RAKOFF  
UNITED STATES DISTRICT JUDGE